# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

GENEVA ROBINSON,

      Plaintiff,

    v.

FORD MOTOR COMPANY, et al.,

      Defendants.

Case No. _____

## DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI:

PLEASE TAKE NOTICE that Defendant Ford Motor Company ("Ford"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 *et seq*., respectfully removes the above-captioned matter from the 7th Judicial Circuit Court for the County of Clay, Missouri, to this Court.

## I.    INTRODUCTION

1.    On November 25, 2024, Plaintiff Geneva Robinson ("Plaintiff") commenced this action in the 7th Judicial Circuit Court for the County of Clay, Missouri, entitled *Geneva Robinson v. Ford Motor Company et al.,* No. 24CY-CV13278 (the "State Court Action"). Defendant Aerotek, Inc. was served on or around January 31, 2025. Defendant Ford Motor Company was served on March 3, 2025. A compiled copy of all process, pleadings, and orders in that action is attached hereto as **Exhibit A**.

2. As of this date, Ford Motor Company has not answered or pleaded in the State Court Action. On March 17, 2025, Aerotek, Inc. filed an Answer and a Motion to Strike. Exhibit A, Aerotek's Answer; *id.*, Aerotek's Motion to Strike.

3. Aerotek, Inc. consents to this Removal. Smith Decl. ¶ 6.

## II. BASIS FOR REMOVAL

4. Upon information and belief, Plaintiff is a citizen of Missouri. *See* Exhibit A, Plaintiff's Petition, ¶ 1.

5. This Notice of Removal is proper pursuant to 28 U.S.C. § 1332(a) and § 1441(b), based upon diversity of citizenship.

6. Defendant Ford is a corporation formed under the laws of Delaware with its principal place of business in Michigan. Smith Decl. ¶ 8. Thus, Defendant Ford is a citizen of Delaware and Michigan.

7. Defendant Aerotek, Inc. is incorporated in Maryland and headquartered in Maryland, and is thus a citizen of that state. Smith Decl. ¶ 7.

8. Therefore, complete diversity exists between Plaintiff and the defendants. 28 U.S.C. § 1332(a)(1).

9. Where a plaintiff alleges an amount under the jurisdictional minimum, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 786 (8th Cir. 2009). To satisfy the preponderance of the evidence standard, the party seeking removal must offer "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). Such facts can include "plaintiff's representations," or an "extensive list of serious and disabling injuries." *Miller v. CEVA Logistics*, No. 07-0644-

CV-W-FJG, 2008 WL 130847, at *1 (W.D. Mo. 2008).  Further, a settlement demand in excess of $75,000 may be relevant in determining the amount in controversy taken together with the details of the injuries.  *See Schmidt v. Flesch*, No. 4:05CV1498 HEA, 2006 WL 1026952, at *2 (E.D. Mo. Apr. 13, 2006).

10.     Plaintiff has not fully specified in the Petition the amount of damages she seeks.  However, Plaintiff claims that her damages "exceed" $50,000.  *See* Exhibit A, Plaintiff's Petition, ¶ 29 (claiming damages exceeding $25,000 for her race discrimination claim), ¶ 38 (claiming damages exceeding $25,000 for her gender discrimination claim).  As alleged, Plaintiff's injuries are substantial.  Plaintiff requests compensatory damages for back pay and front pay, as well as damages for "pain and suffering" from the "great deal of work-related stress and distress" and "physical pain" she experienced.  *See* Exhibit A, Plaintiff's Petition, ¶¶ 29, 33, 38, 50.  Plaintiff also seeks punitive damages.  *See* Exhibit A, Plaintiff's Petition, ¶¶ 29, 38, 50.  The Missouri Human Rights Act (MHRA) permits claimants to recover up to $500,000 for claims brought under that statute.  § 213.111.4(2)(d) RSMo.  Plaintiffs who prevail in MHRA discrimination and retaliation suits regularly obtain hundreds of thousands of dollars in damages from their employers.  *See, e.g.*, *Johnson v. City of Kansas City*, 695 S.W.3d 165, 170 (Mo. Ct. App. 2024) (affirming award where jury initially awarded plaintiff "$278,694.00 in back pay, $994,584.00 in future economic losses, $81,000.00 in non-economic losses, and $500,000.00 in punitive damages," after which trial court applied statutory damage cap and amended judgment to $500,000); *Piers v. Dep't of Corr.*, 688 S.W.3d 65, 68 (Mo. Ct. App. 2024) (affirming award of $500,000 in noneconomic damages, plus attorneys' fees and costs).  Accordingly, if proven, damages associated with the injuries Plaintiff alleges would exceed the $75,000 jurisdictional threshold.

11.     Although Ford denies liability, based upon Plaintiff's allegations in the Petition, the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

12.     Plaintiff provides no factual basis for her conclusory statement that she "was an employee of both Defendants" and that they "were her joint employers."  Exhibit A, Plaintiff's Petition, ¶ 4. Solely for the purposes of evaluating the bases for removing the Petition, Ford assumes, but does not concede, that Plaintiff was an employee and Ford an employer under § 213.010, *et seq.* and § 287.780 RSMo.  Ford reserves its right to challenge any characterization of its relationship to Plaintiff and/or Defendant Aerotek.

13.     Plaintiff asserts five claims: (1) race discrimination and hostile work environment; (2) sex discrimination, sex harassment, and hostile work environment; (3) retaliation under the MHRA; (4) public policy retaliation; and (5) workers' compensation retaliation.[1]  *See* Exhibit A, Plaintiff's Petition.  Because Plaintiff's workers' compensation retaliation claim is merely a "fraudulent attempt to defeat the jurisdiction of the federal court," removal is therefore proper. *Farmers' Bank & Trust Co. of Hardinsburg, Ky. v. Atchison, T & S.F. Ry. Co.*, 25 F.2d 23, 29 (8th Cir. 1929).  Although "[c]auses of action that arise under state workers' compensation laws generally may not be removed to federal court . . . [t]here is an exception, however, when a plaintiff fraudulently pleads an otherwise non-removable claim to avoid federal jurisdiction."  *White v. Union Pac. R.R. Co.*, No. 4:19-CV-00080-DGK, 2019 WL 3400716, at *1 (W.D. Mo. July 26, 2019).  Plaintiff's workers' compensation retaliation claim is precisely this:  an attempt to avoid federal jurisdiction.  The claim's fraudulence is clear on the face of the Petition.  Plaintiff alleges

---

[1] The workers' compensation retaliation claim is brought pursuant to § 287.780 RSMo.  Exhibit A, Plaintiff's Petition, ¶ 50.  If the claim were legitimate, it would bar removal.  28 U.S.C. § 1445(c).

no factual basis on which one could conclude that she sustained a workplace injury. Indeed, while she notes in conclusory fashion that she suffered a workplace injury, the only "incident" she alleges gives the opposite indication: she claims that a forklift "*nearly* hit her," Exhibit A, Plaintiff's Petition, ¶ 16 (emphasis added). She does not allege that she sustained an injury at that moment (or at any other point during her purported employment). *Id.* Because Plaintiff's workers' compensation claim is clearly an attempt to avoid federal jurisdiction, this Court may properly exercise jurisdiction pursuant to 28 U.S.C. § 1332(a) and § 1441(b), based upon diversity of citizenship.

### III. PROCEDURAL REQUIREMENTS

14. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b)(1), which allows 30 days for removal after receipt by the defendant, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court" and serving the defendant is not required, "whichever period is shorter." The Summons and Petition were served upon Ford on March 3, 2025, which triggers a filing deadline for Ford's Notice of Removal by April 2, 2025. *See* Exhibit A.

15. Venue is proper under 28 U.S.C. § 1441(a) and (c) in the United States District Court for the Western District of Missouri, Western Division, which includes Clay County, Missouri, where the state court action is pending.

16. Written notice of the filing of this Notice of Removal will be served promptly on Plaintiff, pursuant to the requirements of 28 U.S.C. § 1446(d). Also, in accordance with Section 1446(d), a copy of this Notice of Removal will be filed promptly with the clerk for the 7th Judicial

Circuit Court for the County of Clay, Missouri. A copy of the Clay County Court notice is attached as **Exhibit B**.

17. WHEREFORE Ford respectfully removes this action from the 7th Judicial Circuit Court for the County of Clay, Missouri, to this Court.

Dated: April 1, 2025                                     Respectfully submitted,

                                                        */s/ Jeffrey C. Baker*
                                                        Jeffrey C. Baker, MO #50266
                                                        Sanders Warren & Russell LLP
                                                        Compass Corporate Centre
                                                        11225 College Boulevard, Suite 450
                                                        Overland Park, Kansas 66210
                                                        Telephone:      (913) 234-6100
                                                        Facsimile:      (913) 234-6199
                                                        Email:          jc.baker@swrllp.com

                                                        Katherine V.A. Smith (*Pro hac vice* forthcoming)
                                                        GIBSON, DUNN & CRUTCHER LLP
                                                        333 South Grand Avenue
                                                        Los Angeles, CA 90071
                                                        Telephone:      (213) 229-7000
                                                        Facsimile:      (213) 229-6107
                                                        Email:          KSmith@gibsondunn.com

                                                        *Counsel for Defendant Ford Motor Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of April, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Phillip Murphy II
4717 Grand Avenue
Suite 250
Kansas City, MO 64412
(913) 661-2900
phillip@phillipmurphylaw.com
***ATTORNEYS FOR PLAINTIFF***

Tyler C. Hibler
Michaeli M. Hennessy
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000
Tyler.hibler@huschblackwell.com
Michaeli.hennessy@huschblackwell.com
***ATTORNEYS FOR DEFENDANT***
***AEROTEK, INC.***

*/s/ Jeffrey C. Baker*
*Counsel for Defendant Ford Motor Company*